Timothy P. Dillon, Esq. (SBN 190839)
DILLON GERARDI HERSHBERGER MILLER & AHUJA, LLP
5872 Owens Avenue, Suite 200
Carlsbad, California 92008
Telephone:  (858) 587-1800
Facsimile: (858) 587-2587
E-Mail: tdillon@dghmalaw.com

Attorneys for Plaintiff
ULTIMATE FRANCHISES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULTIMATE FRANCHISES, INC., a corporation;<br><br>               Plaintiff,<br><br>    v.<br><br>GARY PARSONS, an individual; RIVER COVE, INC., a corporation; STAGS FINE MEN'S SALON, a business entity of unknown form; SANDRA PARSONS, an individual; TRACEY PARSONS, an individual<br><br>            Defendants. | **Case No.:**<br><br>**COMPLAINT FOR:**<br><br>1) **FEDERAL TRADEMARK INFRINGEMENT**<br>2) **FEDERAL TRADEMARK DILUTION**<br>3) **FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING**<br>4) **VIOLATION OF CALIFORNIA UNIFORM TRADE SECRETS ACT**<br>5) **BREACH OF CONTRACT – INJUNCTION**<br>6) **BREACH OF CONTRACT – DAMAGES**<br>7) **BREACH OF THE COVENANTS OF GOOD FAITH AND FAIR DEALING**<br>8) **UNJUST ENRICHMENT**<br>9) **CALIFORNIA UNFAIR COMPETITION**<br>10)     **COMMON LAW TRADEMARK INFRINGEMENT**<br>11)     **AIDING AND ABETTING** |

Plaintiff Ultimate Franchises, Inc. hereby alleges as follows:

## COMPLAINT FOR:

### 1) FEDERAL TRADEMARK INFRINGEMENT

### 2) FEDERAL TRADEMARK DILUTION

### 3) FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING

### 4) VIOLATION OF CALIFORNIA UNIFORM TRADE SECRETS ACT

### 5) BREACH OF CONTRACT – INJUNCTION

### 6) BREACH OF CONTRACT – DAMAGES

### 7) BREACH OF THE COVENANTS OF GOOD FAITH AND FAIR DEALING

### 8) UNJUST ENRICHMENT

### 9) CALIFORNIA UNFAIR COMPETITION

### 10)   COMMON LAW TRADEMARK INFRINGEMENT

### 11)   AIDING AND ABETTING

Plaintiff Ultimate Franchises, Inc. ("UFI or "Franchisor") and allege causes of action for Federal Trademark Infringement, Federal Trademark Dilution, Federal Unfair Competition and False Advertising, Violation of California Uniform Trade Secrets Act ("UTSA"), Breach Of Contract – Injunction, Breach Of Contract – Damages, Breach of the Covenants of Good Faith and Fair Dealing, Unjust Enrichment, California Unfair Competition, Common Law Trademark Infringement, and Aiding and Abetting, seeking damages, injunctive relief, costs of suit, attorneys fees, punitive damages, an accounting against Defendants Gary Parsons ("Mr. Parsons"), River Cove, Inc. ("River Cove"), Stags Fine Men's Salon ("Stags Salon"), Sandra Parsons and Tracey Parsons (collectively referred to as "Defendants"), as follows:

## NATURE OF THE ACTION

1.    This action is brought by UFI to remedy a breach of contract, among other claims, by one of its franchisees, Mr. Parsons/River Cove. UFI bring this action to: (1) discontinue Defendants' infringement of registered and unregistered trademarks; (2)

obtain injunctive relief due to breach of contract, trademark infringement, violation of the UTSA, unfair competition and breach of the covenant of good faith; (3) seek enforcement of the post-contractual obligations of Mr. Parsons, Sandra Parsons and River Cove; (4) seek damages; and (5) for an accounting.  Further, despite Defendants' full knowledge of the legal and contractual obligations under the franchise agreement, Mr. Parsons/River Cove, and by and through a business entity believed to be owned and/or controlled by Mr. Parsons/River Cove, Stags Salon, intentionally failed to comply and affirmatively took steps to harm the goodwill of UFI.  As a result of the violations of Mr. Parsons, Stags Salon and River Cove, UFI has suffered substantial damages and therefore brings this lawsuit to establish Defendants' responsibility for the violations set forth herein, to recover the damages those wrongful actions have caused, to enjoin future acts, and for an accounting.  Last, Ms. Parsons is liable for any and all violations of the terms of the franchise agreement as a personal guarantor thereto.

## JURISDICTION AND VENUE

2.     Jurisdiction of the Court is invoked under 28 USC §§1121, 1311, §1338(a) as an action arising under Acts of Congress relating to trademarks, namely the Lanham Act, 15 USC §1051, *et seq.*  This Court has pendent jurisdiction over claims arising under state law pursuant to 28 USC §1338(b) and 28 USC §1367(a). The Court has personal jurisdiction over Defendants because the Defendants do business within, or reside within, this judicial district, and the acts complained of occurred in this judicial district.  The Court has personal jurisdiction over Mr. Parsons by way of the written consent in the franchise agreement, Ex. A, ¶17(G), over River Cove by way of assignment (Ex. B) of that franchise agreement, and all terms, conditions and obligations contained therein, including ¶17(G) if the franchise agreement; and over Sandra Parsons by way of the written consent in the franchise agreement, Ex. A, ¶17(G), and Non-Monetary Guaranty and Assumption of Obligations of franchise agreement, ¶1 (attached to Ex. A).

3.     Venue is proper in this Court in accordance with 28 U.S. C. §1391 because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the district as a result of the Defendants engaging in trade and/or commerce in this District – *i.e.* the claims asserted arose in this district.

## **PARTIES**

4.     Plaintiff Ultimate Franchises, Inc., ("UFI") is a California corporation with its principal place of business in California.  Ultimate Franchises, Inc., offers for sale franchises to do business as "18|8 Fine Men's Salon," and as such, is a franchisor for 18|8 salons.

5.     Defendant Gary Parsons ("Mr. Parsons") is a resident of the State of California with an address of 1651 Holly Street, Brea, CA 92821.   Based on information and belief, Plaintiff alleges that Gary Parsons is the sole shareholder of River Cove, Inc.  Gary Parsons is a franchisee formerly doing business as 18|8 Fine Men's Salon, now doing business as Stags Fine Men's Salon.  On information and belief, Mr. Parsons is believed to be the spouse of Defendant Sandra Parsons.

6.     Defendant River Cove, Inc., ("River Cove") is a California corporation with its principle place of business in California.   River Cove, Inc., by way of assignment from Gary Parsons, is a franchisee formerly doing business as 18|8 Fine Men's Salon, now doing business as Stags Fine Men's Salon.

7.     Defendant Stags Fine Men's Salon ("Stags Salon") is a business entity of unknown form with its place of business located at 227 W. Imperial Highway, Brea, CA 92821.

8.     Defendant Sandra Parsons is a resident of the State of California with an address of 1651 Holly Street, Brea, CA 92821.  Sandra Parsons executed personal guarantees and assumption of obligations to franchise agreement discussed herein. Sandra Parsons received specialized training and education from UFI, including attending the 18|8 University, and has had ongoing training and engagement with UFI corporate.  On information and belief, Sandra Parsons is believed to be the spouse of

1  Defendant Gary Parsons.  On information and belief, Sandra Parsons has been, and

2  continues to be, actively engaged in the management of Stags Salon.

3       9.    Plaintiff is informed and believes that Defendant Tracey Parsons is a

4  resident of the Orange County, State of California.  Tracey Parsons received

5  specialized training and education from UFI, including attending the 18|8 University,

6  has had ongoing training and engagement with UFI corporate, and has received

7  additional training working for approx. 6 months at an UFI corporate location.  On

8  information and belief, Tracey Parsons is believed to be the daughter of Defendants

9  Gary and Sandra Parsons.  On information and belief, Tracey Parsons has been, and

10  continues to be, actively engaged in the management of Stags Salon.

11       10.    Plaintiff is informed and believes, and thereon alleges, that each of the

12  named Defendants sued herein was the agent and/or employee and/or co-conspirator of

13  each of the other named Defendants, and was acting within the scope and purpose of

14  said agency, employment, conspiracy, and is therefore liable for each of the matters

15  alleged in this Complaint.

16  **FACTUAL BACKGROUND**

17       11.    UFI is a California-based Franchisor with over 70 locations across the

18  United States in over 25 states and the District of Columbia. UFI, through its

19  franchisees, offers franchises for high-end styling and grooming salons targeting men.

20       12.    UFI's trademarks and logos are owned by Ultimate Brands, Inc.

21  ("Ultimate Brands") who licenses the right to use those trademarks, graphics and logos

22  to UFI ("Marks").  Some of Marks are on the principal register of the United States

23  Patent and Trademark Office, including service mark registration 3983954

24  ["EIGHTEEN 18|8 EIGHT FINE MEN'S SALONS"]; service mark 3976811 ["18|8

25  FINE MEN'S SALONS"]; and service mark 2872551 [typed drawing].  Ultimate

26  Brands has additional Marks that are not registered, but non-the-less recognized in the

27  industry and by the public.  Examples of some of the additional Marks are attached

28  hereto as **Ex. G.**  UFI has the right to use and to license the Marks and derivations

thereof, as well as the distinctive 18|8 Fine Men's Salons ("18|8") system and standards which provide franchisees with the knowledge, training and education to start successful salon businesses. On information and belief, Ultimate Brands has continuously used the registered Marks since the date of their registration, and the unregistered Marks prior to execution of the franchise agreement with Mr. Parsons on March 21, 2014.

13.     The registered Marks are in full force and effect, unrevoked, uncancelled, and incontestable pursuant to 15 U.S.C. §1111.

14.     UFI markets, promotes and provides services to franchisees throughout the United States. In order to identify the services offered by the franchisees, UFI allows its franchisees to utilize the Marks in the marketing and promotion of their franchise salons.

15.     Plaintiffs have invested substantial time and effort to develop goodwill in the names and trademarks to cause customers throughout the United States to recognize the services offered through UFI 18|8 salon franchise locations.

16.     The goodwill of the Marks does not have precise monetary value, but because of the UFI's quick expansion and the growing appreciation for its unique and high-end services targeting a vast and largely untapped male target audience, the value of Plaintiffs' goodwill exceeds millions of dollars.

**THE 18|8 FRANCHISE SYSTEM**

17.     UFI offers for sale franchises for high-end men's hair and grooming salons to do business as "18|8 Fine Men's Salons."

18.     One of the primary benefits of purchasing a UFI franchise is access to the goodwill of the Marks, and to the proven successful business model based on the 18|8 systems and standards.

19.     18|8 Fine Men's Salons are designed for discerning, successful men who want to look and feel their best so they can be their best.  These men want exceptionally skilled stylists at locations near where they work and live; privacy; and a

spectrum of solutions for all of their haircare and grooming needs.  UFI provides their franchisees with high end stylist education, business training and education to cater to these types of customers.  Plaintiffs have spent substantial time, effort and money in developing the 18|8 Fine Men's Salons proven and trusted business model to help provide franchisees with an opportunity for a successful and rewarding business venture.

20.    The 18|8 system and standards include the common use and promotion of the Marks, business training programs, client database, supplier relations, promotional materials, stylist education, advertising, systems and standards, design layout, salon operation systems, and other techniques for operating an 18|8 salon.

21.    Each 18|8 salon is required to operate its business in strict conformity with the systems and standards as a condition of its franchise agreement to ensure that all clients are achieving consistently high-end service.

## THE 18|8 FRANCHISE AGREEMENT

22.    On March 21, 2014, Plaintiff entered into a franchise agreement with Gary Parsons for Mr. Parsons to own and operate and do business as 18|8 Fine Men's Salon in Brea, California (the "18|8 Franchise Agreement") (see **Ex. A**, a full and accurate copy of the franchise agreement and all exhibits, attached hereto and incorporated herein).   Sandra Parsons executed guarantees and assumptions of obligation for the 18|8 Franchise Agreement including joint and several liability for breach of each and every provision of the agreement.  (See **Ex. A**).

23.    On February 2, 2015, Mr. Parsons assigned his rights and obligation under the 18|8 Franchise Agreement to River Cove.  Mr. Parsons, however, remained individually and personally liability to UFI for all obligations, covenants, duties and liabilities for the franchisee out of the 18|8 Franchise Agreement.  (See **Ex. B**, a true and accurate copy of the Assignment Agreement, attached hereto and incorporated herein).

///

24.     As set forth in the 18|8 Franchise Agreement, Ultimate Brands has developed a system for the construction, operation, identification and promotion of high-end salons under the Marks, including the "18|8®" service mark, graphics and related commercial symbols, which cater to male customers and offer professional hair cutting and coloring services, beard and mustache cutting and coloring services; highlights; weaves; foot, face and scalp treatment services; massages; and other authorized services (collectively "Services").  Ultimate Brands has authorized UFI to offer franchise opportunities for sales that offer the Services and use the Marks, andthe distinctive formats, methods, procedures, signs, designs, layouts, standards, and specifications developed by Ultimate Brands and UFI (collectively, the "Branded System").  (See **Ex. A**, ¶1(A)(1)).  Pursuant to the terms of the 18|8 Franchise Agreement, the System Standards taught by UFI are predicated on proprietary and confidential information that contains trade secrets made available to Mr. Parsons, River Cove, Tracey Parsons and Sandra Parsons ("Confidential Information").  (See **Ex. A**, ¶6).

25.     Ultimate Brands owns the Marks, Confidential Information and Branded System and has the exclusive right to use this intellectual property (collectively, the "Intellectual Property").  Ultimate Brands has licensed to UFI the use and ability to sublicense the Intellectual Property for 18|8 Salons.  In licensing the Intellectual Property to UFI, Ultimate Brands included the right for UFI to sue for trademark infringement or otherwise seek to enforce the Marks.

26.     Pursuant to ¶1(A)(4) of the 18|8 Franchise Agreement, Mr. Parsons/River Cove's salon was to operate in accordance with the specifications, standards, operating procedures, recommendations and rules (collectively, "System Standards") that UFI prescribes.

27.     Pursuant to ¶5A of the 18|8 Franchise Agreement, Mr. Parsons/River Cove's right to use the Marks is derived only from the 18|8 Franchise Agreement and is limited to the Mr. Parsons/River Cove's operation of the salon during the 10-year

term in compliance with the 18|8 Franchise Agreement and all System Standards; any unauthorized use of the Marks is a breach of the 18|8 Franchise Agreement and infringes on the rights of UFI; and no interest in the Marks is conferred to Mr. Parson/River Cove.

28.     Pursuant to ¶5B of the 18|8 Franchise Agreement, Mr. Parsons/River Cove is prohibited from using Marks in any manner that UFI has not expressly authorized in writing; or in offering or selling any authorized services or products. As well, Mr. Parsons/River Cove is prohibited from using any Mark in advertising the sale, transfer or other disposition of the 18|8 salon without prior written consent.

29.     Pursuant to ¶8(A) of the 18|8 Franchise Agreement, Mr. Parsons/River Cove agreed at all times to operate and maintain the 18|8 salon in compliance with all System Standards; and was responsible for the 18|8 salon's day-to-day management and operation and implementing and maintaining the System Standards for the 18|8 salon. System Standards include, but are not exclusive of:

     a. use of interior and exterior signs, emblems, lettering and logos;

     b. sales, marketing, advertising, and promotional programs and materials and media used in these programs; and

     c. use and display of Marks at the 18|8 salon and on apparel, forms and other materials.

30.     Pursuant to ¶7 of the 18|8 Franchise Agreement, Mr. Parsons/River Cove agreed that during the 10-year term, the franchisee, any direct or indirect owner, or any owners' spouses, will not:

     a. have a direct or indirect controlling interest as an owner in a Competitive Business

     b. have a direct or indirect non-controlling interest as an owner in a Competitive Business

     c. divert or attempt to divert any actual or potential business or customer of the 18|8 salon to a Competitive Business; and

d. engage in any other activity that might injure the goodwill of the Marks and Franchise System.

(The term Competitive Business means (i) a salon or other business that offers high-end men's hair cutting and coloring services, and/or related salon services in an environment catering to male customers, or (ii) a business granting franchises or licenses to others to operate the type of business specified in (i), above (other than an 18|8 salon operated under a franchise agreement with UFI)).

31.     Pursuant to ¶3(C) of the 18|8 Franchise Agreement, Mr. Parsons/River Cove/Sandra Parsons agreed to pay UFI an amount equal to the greater of a) 7% of the salon's gross sales and b) $250 per week ("Minimum Royalty") in exchange for grant of franchise.  The 18|8 Franchise Agreement also provided that the Minimum Royalty could be adjusted by the Franchisor based upon changes in the Consumer Price Index.  Mr. Parsons/River Cove/Sandra Parsons were obligated to pay the Minimum Royalty amount for a period of 10 years from the date on which his salon opened.  (See **Ex. A**).

32.     Pursuant to ¶10 of the 18|8 Franchise Agreement, Mr. Parsons/River Cove were required to produce to UFI:

a. weekly reports of the salon's gross sales, discounts, net sales, service mix, transaction count, average ticket and productivity

b. within 20 days after the end of each calendar month/period, the operating statements, unaudited financial statements, statistical reports, and other information UFI requests regarding the franchisee and the 18|8 salon covering the previous calendar month/period and the calendar year to date

c. within 60 days after the end of the Salon's fiscal year, annual profit and loss and source and use of funds statements and a balance sheet for the Salon as of the end of that fiscal year, all unaudited

33.     Pursuant to ¶17(L) of the 18|8 Franchise Agreement, UFI is entitled to bring an action against the franchisee for money owed and for injunctive relief or other

extraordinary relief deemed necessary to protect the franchise system or the Marks. UFI is permitted to do so without first submitting claims to mediation.

34.     Pursuant to ¶12(B) of the 18|8 Franchise Agreement, the salon or substantially all of the salon's assets, an ownership interest in the franchisee, an ownership interest in an entity owning a controlling ownership interest (50.01% or more) in the franchisee, nor actual management control of the salon's operation, may be transferred without prior written approval of UFI, which will not unreasonably be withheld.

35.     Customers of 18|8 salons can buy memberships through local 18|8 salons, which vary by location, but generally include pre-purchased haircuts and 'clean-ups', discounts off grooming service(s) and discounts off retail production.   Upon information and belief, the 18|8 salon located at 207 W. Imperial Highway, Brea, CA, did offer and sold such memberships.

36.     On or about March 6, 2015, Mr. Parsons opened the 18|8 Fine Men's Salon, located at 227 W. Imperial Highway, Brea, CA 92821, thus starting the 10-year Minimum Royalty period.

## CLOSING OF SALON AND OPENING A COMPETING BUSINESS

37.     On or about September 9, 2017, UFI discovered that the Salon had changed its name, signage and operation to Stags Fine Men's Salon for the business located at 207 W. Imperial Highway, Brea, CA 92821.

38.     Upon information and belief, Stags Salon operates a website (the "Stags Website") www.stagsfinemen.com, which displays graphics that are the same or confusingly similar to certain Marks. Further, the website provides links to social media websites, including www.facebook.com, www.instagram.com, and www.twitter.com.   A picture of the Stags Website's homepage and Mark image is attached here to as Exhibit C.

39.     Upon information and belief, Stags Salon operates a Facebook page found at Https://www.facebook.com/StagsFineMen  (the "Stags Facebook Page") which they

are using to market Stags Fine Men's Salon, yet nevertheless continues to use the "18|8" name and various Marks, or trademarks, graphics or logos confusingly similar to the Marks.  Images of the Stags Facebook Page are attached hereto as Exhibit D.

40.   Upon information and belief, Stags Salon operates a Twitter page found at https://twitter.com/stagsfinemen (the "Stags Twitter Page") which they are using to market Stags Fine Men's Salon, yet nevertheless continue to use the "18|8" name and various Marks, or trademarks, graphics or logos confusingly similar to the Marks. Images of the Stags Twitter Page are attached hereto as Exhibit E.

41.   Upon information and belief, Stags Salon operates an Instagram page found at  https://www.instagram.com/stagsfinemen/   (the "Stags Instagram Page") which they are using to market Stags Fine Men's Salon, yet nevertheless continue to use the "18|8" name and various Marks, or trademarks, graphics logos confusingly similar to the Marks.  Images of the Stags Instagram Page are attached hereto as Exhibit F.

42.   Upon information and belief, Stags Salon continues to use the "18|8" name and various marks, or trademarks, graphics or logos confusingly similar to Marks, inside and outside their business place.  Photographs of the interior and exterior of Stags Salon are provided in Exhibits C-F.

43.   On information and belief, UFI was contacted by a former customer of Salon who had purchased an 18|8 membership and attempted to use them on September 9, 2017 forward.  The customer stated that Stags Salon refused to honor the membership.  The former customer was upset and stated he would report the matter to the Better Business Bureau if the issue was not resolved immediately.

44.   Mr. Parsons nor River Cove have made any Minimum Royalty payments since payment period for August 2017, as required by ¶3(C) of the 18|8 Franchise Agreement.

///

///

## FIRST CAUSE OF ACTION: VIOLATION OF THE LANHAM ACT

### (Violation of 15 U.S.C. §§1114 & 1125(a))

**(Against Defendants Gary Parsons, River Cove Inc., and Stags Fine Men's Salon)**

45.    Plaintiffs repeat and make part hereof each and every allegation set forth in 1 through 44 of the Complaint.

46.    Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant – use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive ... shall be liable in a civil action by the registrant..."

47.    Defendants Mr. Parsons, River Cove and Stags Salon are marketing and promoting Stags Salon, while continuing to display the "18|8" name and Marks and such use is likely to cause confusion or mistake among prospective or actual customers, in violation of Section 32 of the Lanham Act.

48.    Section 43 of the Lanham Act, 15 U.S.C. §1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services…uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of his or her…services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's…services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damages by such act."

///

49.     The actions of Defendants Mr. Parsons, River Cove and Stags Salon's described above and specifically, and without limitation, their unauthorized use of the Marks, and confusingly similar variations thereof, in commerce to advertise, promote, market and sell their services throughout the United States including California, constitutes trademark infringement in violation of 15 U.S.C. §§1114 and 1125(a).

50.     Defendants' acts of infringement violate Sections 32, 43(a), and 43(c) of the Lanham Act and are malicious, fraudulent, willful and deliberate.

51.     Defendants' acts of infringement violate Sections 32, 43(a), and 43(c) of the Lanham Act and are inflicting irreparable harm on UFI.

52.     The actions of Defendants Mr. Parsons, River Cove and Stags Salon, if not enjoined, will continue. UFI has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution of value of and goodwill associated with the Marks, and injury to Plaintiff's business(es).  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. §1116.

53.     Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant Mr. Parsons, River Cove and Stags Salon by their use of the Marks, and the costs of this action.  Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of said Defendants was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. §1117.

54.     UFI has no adequate remedy at law.

55.     No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

///

///

///

///

## SECOND CAUSE OF ACTION: TRADEMARK DILUTION

### (Violation of 15 U.S.C. §1125(c))

**(Against Defendants Gary Parsons, River Cove Inc., and Stags Fine Men's Salon)**

56.     Plaintiffs repeat and make part hereof each and every allegation set forth in 1 through 55 of the Complaint.

57.     The actions of Defendants Mr. Parsons, River Cove and Stags Salon's described above and specifically, and without limitation, their unauthorized use of the Marks, and confusingly similar variations thereof, in commerce to advertise, promote, market and sell their services throughout the United States including California, are likely to cause dilution by blurring and tarnishment in violation of 15 U.S.C. §1125(c).

58.     The actions of Defendants Mr. Parsons, River Cove and Stags Salon, if not enjoined, will continue. UFI has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution of value of and goodwill associated with the Marks, and injury to Plaintiff's business(es).  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. §§1116 & 1125(c)

59.     On information and belief, the actions of Defendants Mr. Parsons, River Cove and Stags Salon described above were and continue to be deliberate and willful. Plaintiff is therefore entitled to recover damages in an amount to be determined at trial, profits made by said Defendants by their use of the Marks, and the costs of this action pursuant to 15 U.S.C. §1117.

## THIRD CAUSE OF ACTION – FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING

### (Violation of 15 U.S.C. §1125(a))

**(Against Gary Parsons, River Cove Inc. and Stags Fine Men's Salon)**

60.     Plaintiffs repeat and make part hereof each and every allegation set forth in 1 through 59 of the Complaint.

61.     Defendants Mr. Parsons, River Cove and Stags Salon's marketing, advertising and promotion of Stags Salon at the former 18|8 salon location at 207 W.

Imperial Highway, Brea, CA, while also continuing to display the "18|8" name and Marks, constitute:

     a. a false designation of origin;

     b. a false and misleading description of fact; and

     c. a false and misleading representation of fact;

that are likely to cause confusion, mistake or deception to the effect that UFI has ensured that the services offered by Stags Salon meet the quality standards UFI requires of its franchisees in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

62.    Defendants Mr. Parsons, River Cove and Stags Salon's actions described above and specifically, without limitation, said Defendants' unauthorized use of the Marks, and confusingly similar variations thereof, in commerce to advertise, market, and sell their services throughout the United States including California, constitute unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

63.    Consumers are likely to be misled and deceived by Defendants Mr. Parsons, River Cove and Stags Salon's use of the Marks in that the marking and advertisements for Stags Salon will attract persons and customers expecting the service, attention and accoutrement from a 18|8 salon at Stags Salon.

64.    Defendants Mr. Parsons, River Cove and Stags Salon knew or should have known that their statements were false or likely to mislead.

65.    As an actual and proximate result of Defendants Mr. Parsons, River Cove and Stags Salon's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and unless said Defendants are enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business(es), reputation and goodwill.

66.    Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to damages for Defendants Mr. Parsons, River Cove and Stags Salon's Lanham Act violations, an accounting made for profits by said defendants by said defendants' use of the Marks,

as well as the recovery of costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that said defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorney's fees pursuant to 15 U.S.C. §1117.

## FOURTH CAUSE OF ACTION: VIOLATION OF CALIFORNIA UNIFORM TRADE SECRETS ACT ("UTSA")

**(Violation of Cal. Civil Code §§3426, *et seq.*)**

**(Against All Defendants)**

67.     Plaintiff repeats and makes part hereof each and every allegation set forth in 1 through 65 of the Complaint.

68.     Through the training and education provided to Defendants Mr. Parsons, River Cove, Sandra Parsons and Tracey Parsons, said Defendants were furnished and were in possession of UFI's Confidential Information and trade secrets, as defined by *California Civil Code Section* 3426.1(d).  The proprietary business information of UFI constitutes trade secrets because UFI derives independent economic value from the information, such information is not generally known nor readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and because the information is the subject of reasonable efforts to maintain its secrecy.  UFI's Confidential Information and proprietary trade secret information described herein is not and was not generally known to UFI's competitors in the industry.

69.     UFI is informed and believes and thereon alleges that Defendants Mr. Parsons, River Cove, Sandra Parsons and Tracey Parsons have actually misappropriated and/or threaten to misappropriate UFI's trade secrets without UFI's consent in violation of California's Uniform Trade Secrets Act, *California Civil Code* section 3426, *et seq.*, by operating a business (Stags Salon) that competes with UFI / 18|8 Fine Men's Salons by using those trade secrets and Confidential Information.

Said Defendants cannot separate out UFI's trade secrets and Confidential Information in operating Stags Salon. As such, injunctive relief, pursuant to *Civil Code section* 3426.2(a) is appropriate.

70.    Plaintiff is informed and believes, and thereon alleges, that Defendants Mr. Parsons, Sandra Parsons and Tracey Parsons are involved in the day-to-day management of Stags Salon and will serve functions at Stags Salon similar to their previous roles as managers at 18|8 salon locations and thus cannot avoid disclosing and utilizing UFI's trade secrets and Confidential Information.

71.    As a product of their training through UFI as well as former management of 18|8 salons, Defendants Mr. Parsons, River Cove (through Mr. Parsons, Sandra Parsons and Tracey Parsons), Sandra Parsons and Tracey Parsons had access to UFI's most valuable trade secrets and Confidential Information as described herein.  Said Defendants continue to have knowledge of those trade secrets and Confidential Information, notwithstanding the fact that they are a competitor of UFI (Stags Salon) or are working for a competitor of UFI (Mr. Parsons, Sandra Parsons and Tracey Parsons).

72.    Plaintiff is informed and believes, and thereon alleges, that Defendants Mr. Parsons, River Cove (through Mr. Parsons, Sandra Parsons and Tracey Parsons), Sandra Parsons and Tracey Parsons have the intent to disclose, or have already disclosed, UFI's trade secrets and Confidential Information to others, including Stags Salon and employees and agents of Stags Salon, in violation of the UTSA and the Franchise Agreement (Ex. A, ¶6).

73.    As a proximate result of all Defendants' actual and threatened misappropriation of UFI's trade secrets and Confidential Information, UFI has suffered, and will continue to suffer, damages in an amount to be proven at the time of trial, but which are in excess of the minimum jurisdictional amount of this Court.

///

///

74.     All Defendants have been unjustly enriched and UFI is entitled to all recoverable damages in an amount to be proven at the time of trial, but which are in excess of the minimum jurisdictional amount of this Court.

75.     As a further proximate result of all Defendants' wrongful conduct and threatened and actual misappropriation, UFI has been injured, irreparably and otherwise, and is threatened with additional and on-going injuries.   Because UFI's remedy at law is inadequate, UFI seeks preliminary and permanent injunctive relief. UFI is threatened with losing customers, technology, its competitive advantage, its trade secrets and goodwill amounts which may be impossible to determine, unless said Defendants are enjoined and restrained by order of this Court, as alleged above.

76.     All   Defendants   will   be   unjustly   enriched   by   the   threatened misappropriation of UFI's trade secrets and Confidential Information, and, unless restrained, will continue to threaten to use, actually use, divulge, threaten to divulge, acquire   and/or   otherwise   misappropriate   UFI's   trade   secrets   and   Confidential Information.

77.     Upon information and belief, all Defendants' actual misappropriation has been willful and malicious in light of said Defendants' repeated use of UFI's trade secrets and Confidential Information in the operation and management of Stags Salon, which is strictly prohibited by the UTSA as well as the Franchise Agreement, as set forth   more   fully   herein.     Therefore,   Plaintiff   is   entitled   to   an   award   of punitive/exemplary and attorneys' fees pursuant to *California Civil Code sections* 3426.3(c) and 3426.4.

## FIFTH CAUSE OF ACTION: BREACH OF CONTRACT - INJUNCTION
### (Against Defendants Gary Parsons, River Cove Inc. and Stags Fine Men's Salon)

78.     Plaintiff repeats and makes part hereof each and every allegation set forth in 1 through 77 of the Complaint.

79.     Defendants Mr. Parsons, River Cove and Stags Salon breached the 18|8 Franchise Agreement by:

a. Failing to pay all Minimum Royalties and fees due to UFI;

b. Failing to accurately report all gross sales to UFI;

c. Directly competing with UFI

d. Diverting UFI's business or customers to a competitor by direct and indirect inducement;

e. Performing acts with are injurious and prejudicial to UFI and Ultimate Brands' goodwill, names and Marks; and

f. Any such other acts or omissions to be shown at trial on the merits.

80.     Upon information and belief, Stags Salon did not close or have significant renovations between changing its name to Stags Fine Men's Salon – therefore the equipment, color schemes, graphics, services, trade dress, System Standards and Intellectual Property of UFI is still being used in the operation of the Stags Salon.

81.     The continued operation of the Stags Salon is in breach of the 18|8 Franchise Agreement and causes irreparable harm to UFI.  The use of UFI's System Standards and Intellectual Property in direct competition with UFI causes unique harm to UFI that cannot be adequately remedied by monetary damages.  Further, the prevailing party to any litigation to enforce any term or provision of the Franchise Agreement, including the provisions and terms mentioned herein, is entitled to attorneys' fees pursuant to paragraph 17(C) of the Franchise Agreement.

82.     UFI has no adequate remedy at law.

83.     No previous injunctive relief has been awarded in respect to this matter in this case or any other case.

## SIXTH CAUSE OF ACTION: BREACH OF CONTRACT – DAMAGES

### (Against Gary Parsons, River Cove Inc., and Sandra Parsons)

84.     Plaintiff repeats and makes part hereof each and every allegation contained in paragraphs 1-83 of the complaint.

85.     Defendants Mr. Parsons and River Cove breached the 18|8 Franchise Agreement when they:

a. Failed to pay all Minimum Royalties and fees due to UFI;

b. Failed to accurately report all gross sales to UFI;

c. Directly competed with UFI;

d. Diverted UFI's business or customers to a competitor by direct and indirect inducement; and

e. Performed acts with are injurious and prejudicial to UFI's goodwill, names Marks and Intellectual Property.

86.    Because of foregoing acts, UFI has suffered significant monetary damages.  By way of the guarantee executed by Ms. Parsons, she is liable for any and all debts and obligations arising under the 18|8 Franchise Agreement, and is also liable for the monetary damages requested herein.  (See Ex. "A", guarantees and assumptions of obligations of Sandra Parsons).  Further, the prevailing party to any litigation to enforce any term or provision of the Franchise Agreement, including the provisions and terms mentioned herein, is entitled to attorneys' fees pursuant to paragraph 17(C) of the Franchise Agreement.

## SEVENTH CAUSE OF ACTION: BREACH OF THE COVENANTS OF GOOD FAITH AND FAIR DEALING

### (Against Defendants Gary Parsons & River Cove Inc.)

87.    Plaintiff repeats and makes part hereof each and every allegation contained in paragraphs 1-86 of the Complaint.

88.    Implied into every contract, including the 18|8 Franchise Agreement (See Ex. "A") between UFI and Gary Parsons, and assumed by River Cove by way of Assignment Agreement (See **Ex. B**), is a covenant of good faith and fair dealings.

89.    Pursuant to the terms of the 18|8 Franchise Agreement, Mr. Parsons and River Cove acknowledged that the System Standards taught by UFI are predicated on proprietary and Confidential Information that contains trade secrets made available to Mr. Parsons and River Cove ("Confidential Information").  (See **Ex. A**, ¶6).

///

90.     Notwithstanding their contractual obligations and the implied obligation to deal in good faith, fairly and honestly with UFI, Mr. Parsons and River Cove have refused to offer any explanation for the disregard of contractual obligations under the 18|8 Franchise Agreement to:

a. Pay all Minimum Royalties and fees due to UFI;

b. Accurately report all gross sales to UFI;

c. Not compete with UFI

d. Not divert UFI's business or customers to a competitor by direct and indirect inducement;

e. Not perform acts with are injurious and prejudicial to UFI's goodwill, names, Marks and Intellectual Property;

f. Operate an 18|8 salon at the 207 W. Imperial Highway, Brea, CA, location; and

g. Not use Confidential Information in any other business or capacity other than operating an 18|8 salon.

91.     UFI has suffered significant monetary damages as a result of Mr. Parsons and River Cove's material breach of the 18|8 Franchise Agreement.

## EIGHTH CAUSE OF ACTION: UNJUST ENRICHMENT

### (Against Defendants Gary Parsons, River Cove Inc., and Sandra Parsons)

92.     Plaintiff repeats and makes part hereof each and every allegation contained in paragraphs 1-91 of the complaint.

93.     The 18|8 Franchise Agreement, and Assignment Agreement thereto, require River Cove and Mr. Parsons to make weekly Minimum Royalty payments.

94.     As further alleged herein, River Cove and Mr. Parsons failed to make those Minimum Royalty payments starting payment period for September 2017.

95.     By way of the guarantees and assumptions of obligations to the 18|8 Franchise Agreement, Sandra Parsons is also responsible for ensuring that the Minimum Royalty payments are timely and fully paid to UFI.

96.    Defendants River Cove, Mr. Parsons and Sandra Parsons' retention the Minimum Royalty payment rightfully payable to UFI constitutes unjust enrichment that has significantly damaged UFI.

## NINTH CAUSE OF ACTION: UNFAIR COMPETITION

### (Violation of Cal. Bus. & Prof. Code §§17200 and 17500 *et seq.*)

**(Against Defendants Gary Parsons, River Cove Inc., and Stags Fine Men's Salon)**

97.    Plaintiff repeats and makes part hereof each and every allegation contained in paragraphs 1-96 of the complaint.

98.    The actions of Defendants Mr. Parsons, River Cove and Stags Salon's described above and specifically, and without limitation, their unauthorized use of the System Standards and Marks, and confusingly similar variations thereof, in commerce to advertise, promote, market and sell their services throughout the United States including California, constitutes trademark infringement, false advertising and unfair competition in violation of laws of the State of California.

99.    By these actions, Defendants Mr. Parsons, River Cove and Stags Salon have engaged in false advertising and unfair competition in violation of statutory law of the state of California, Cal. Bus. & Prof. Code §§17200 and 17500, *et seq.*, and, as a result, Plaintiff has suffered and will continue to suffer damage to its business(es), reputation and goodwill.

100.   As a direct and proximate result of Defendants Mr. Parsons, River Cove and Stags Salon's willful and intentional actions, Plaintiffs have suffered damages in an amount to be determined at trial, and, unless said defendants are restrained, Plaintiffs will continue to suffer irreparable harm.

## TENTH CAUSE OF ACTION – COMMON LAW TRADEMARK INFRINGEMENT

**(Against Defendants Gary Parsons, River Cove Inc., and Stags Fine Men's Salon)**

101.   Plaintiff repeats and makes part hereof each and every allegation contained in paragraphs 1-100 of the complaint.

102.   By reason of Plaintiff's continuous use and promotion of the Marks, as well as the distinctiveness of the Marks, consumers associate and recognize the Marks as representing a single source of sponsor of services, and therefore Plaintiff's Marks are protectable at common law.

103.   Ultimate Brands owns and enjoys common law trademark rights in the Marks, and through the licensing agreement, UFI also owns and enjoys the same, which rights are superior to any rights that any defendant may claim in and to those trademarks with respect to Stags Salon's services.  Plaintiff's Marks are inherently distinctive and have acquired secondary meaning with the trade and consuming public, and/or have become distinctive in the minds of customers, in that Plaintiff's Marks are associated with 18|8 salons.

104.   Defendants Mr. Parsons, River Cove and Stags Salon use of the Marks in connection with advertising, marketing, promotion offer for sale and/or sale of said Defendants' services is likely to cause confusion and has caused confusion as to the source of said Defendants' services, in that customers will be likely to associate or have associated such products as originating with Plaintiff, all the detriment of Plaintiff.

105.   By reason of Defendants Mr. Parsons, River Cove and Stags Salon's action alleged herein, Plaintiff has suffered, and will continue to suffer, irreparable injury to its rights, and has suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of the Marks, unless and until said Defendants are enjoined from continuing their wrongful acts.

106.   By reason of Defendants Mr. Parsons, River Cove and Stags Salon's action alleged herein, Plaintiffs have been damaged in an amount not presently ascertained, and such damage will continue and increase unless and until said defendants are enjoined from continuing their wrongful acts.

///

///

## ELEVENTH CAUSE OF ACTION – AIDING AND ABETTING

### (Against Defendants Sandra Parsons and Tracey Parsons)

107.   Plaintiff repeats and makes part hereof each and every allegation contained in paragraphs 1-106 of the complaint.

108.   Plaintiff is informed and believes, and thereon alleges, that Defendants Sandra Parsons and Tracey Parsons have been, and continue to be, actively engaged in the management of Stags Salon.  As such, said Defendants knew that Mr. Parsons and River Cove were actively engaged in the acts and omissions set forth herein, including acts or omissions constituting unfair competition, trademark infringement and breach of the covenant of good faith and fair dealing.

109.   Plaintiff is informed and believes, and thereon alleges, that Defendants Sandra Parsons and Tracey Parsons knowingly provided substantial assistance and encouragement to Mr. Parsons and River Cove in their acts or omissions set forth herein, including acts or omissions constituting unfair competition, trademark infringement and breach of the covenant of good faith and fair dealing, and that Defendants Sandra Parsons and Tracey Parsons' conduct was a substantial factor in causing harm to UFI.

110.   Defendants Sandra Parsons and Tracey Parsons therefore aided and abetted Mr. Parsons and River Cove in their acts or omissions as set forth herein, including acts or omissions constituting unfair competition, trademark infringement and breach of the covenant of good faith and fair dealing.   As a result, Defendants Sandra Parsons and Tracey Parsons are jointly responsible with Mr. Parsons and River Cove for the damages resulting from those acts or omissions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks judgment against the Defendants as follows:

A.   The Plaintiff be granted injunctive relief under 15 U.S.C. §1051, *et seq*.; Cal. Bus. & Prof. Code §§17200 and 17500, *et seq*.; and Cal. Civil Code §3426, *et*

*seq.*; specifically, that Defendants Gary Parsons, Sandra Parsons, Tracey Parsons, River Cove Inc., and Stags Fine Men's Salon, and all of their respective officers, agents, servants, representatives, employees, attorneys and all other persons acting in concert with them be enjoined from:

1. Using the Marks, or any mark confusingly similar, in connection with the marketing, promotion, advertising, sale or services performed at Stags Fine Men's Salon;

2. Directly or indirectly engaging in false advertising or promotions of Stags Fine Men's Salon's services;

3. Directly or indirectly engaging in business(es) that compete with Plaintiffs' business(es); and

4. Actual or threatened misappropriation of UFI trade secrets and Confidential Information.

B. That all Defendants file within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which all Defendants have complied with the terms of the injunction;

C. That Defendants Gary Parsons, River Cove Inc., and Stags Fine Men's Salon be ordered to correct any erroneous impression persons may have derived concerning the nature, characteristics or qualities of Stags Salon, including without limitation:

1. Placement of corrective advertising on Stags Fine Men's Salon website and all social media sites informing customers of their prior misrepresentation regarding 18|8 salon services;

2. Removal of all reference to all permutations of 18|8 Fine Men's Salon from Stags Fine Men's Salon's website and all social media sites, including 18|8, 18|8 Fine Men's Salon, Eighteen Eight, and all Marks.

D. That Defendants Gary Parsons, River Cove Inc., and Stags Fine Men's Salon be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against

Plaintiff by using false, deceptive or misleading descriptions or representations of fact that misrepresent the nature, quality and characteristics of UFI's services;

E.     That Defendants Gary Parsons, River Cove Inc., and Stags Fine Men's Salon be adjudged to unlawfully and unfairly compete against Plaintiffs under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, *et seq.*;

F.     That Defendants Gary Parsons, River Cove Inc., and Stags Fine Men's Salon be adjudged to have competed unlawfully and unfairly against Plaintiffs by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code § 17500, *et seq.*;

G.     That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate them for the damage caused by Defendants Gary Parsons, River Cove Inc., and Stags Fine Men's Salon's false and misleading statements;

H.     That Plaintiff be awarded Defendant Gary Parsons, River Cove Inc., and Stags Fine Men's Salons profits derived by reason of said acts, or as determined by said accounting;

I.     That such damages and profits be trebled and awarded to Plaintiff and that it be awarded their costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendants Gary Parsons, River Cove Inc., and Stags Fine Men's Salon's willful, intentional, and deliberate acts in violation of the Lanham Act;

K.     That Plaintiff be awarded damages in an amount sufficient to compensate it for the damage caused by Defendants' unfair competition and false advertising under California Business and Professions Code §§ 17200 and 17500 *et seq.*;

L.     That Plaintiff be awarded punitive damages and attorneys' fees pursuant to *California Civil Code* sections 3426.3(c) and 3426.6;

M.     That Plaintiff be awarded damages for Defendants' actual and threatened misappropriation of UFI's trade secrets and Confidential Information, and Defendants' unjust enrichment based thereon;

N.     That Plaintiff be granted pre-judgment and post-judgment interest;

O.   That Plaintiff be granted costs associated with the prosecution of this action;

P.   That Plaintiff be granted such further relief as the Court may deem just.

Dated: December 8, 2017                    Respectfully submitted,
                                           DILLON GERARDI HERSHBERGER
                                           MILLER & AHUJA, LLP


                                           /s/ *Timothy P. Dillon*
                                           Attorney for Plaintiff,
                                           ULTIMATE FRANCHISES, INC. and
                                           E-mail: tdillon@dghmalaw.com


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.


Dated: December 8, 2017                    Respectfully submitted,
                                           DILLON & GERARDI, APC


                                           /s/ *Timothy P. Dillon*
                                           Attorney for Plaintiff,
                                           ULTIMATE FRANCHISES, INC. and